MaddeN, Judge,
delivered the opinion of the court:
The defendant on October 4, 1938, invited bids for the construction of a 375-man barracks building at Camp Dix, N. J. The specifications which were issued with the invitations for bids contained, inter alia, paragraph 160, quoted in finding 3, which required the installation of drip pans under, certain kitchen equipment “as indicated,” and described them intletail. The specifications also contained paragraph KV7 relating to kitchen ventilation and calling for the installation of canopies in each kitchen over the ranges, kettles, etc. The. paragraph said: “Drawings showing all portions of the. ventilating equipment are included on the plans.”
The drawings referred to in paragraph KV7, and which accompanied the proposed contract are described in finding 4. They showed the drip pans and canopies. On two of the drawings the location of various items of kitchen equipment is marked by mimbers running from 1 to 21. Each of these drawings had on it a list with the heading “Kitchen Equipment” and under the heading were 21 items, numbered 1 to, 21. This list is copied in finding 4. Many of the items, were movable, such as tables, coffee urns, etc. Of ;the items listed, only items 17, “Drip Pans,” and .19, “Canopy,” were otherwise mentioned in the specifications. The defendant did not intend that the contractor should furnish any of.the *293 21 items except those two. The others were listed and their locations shown only for the purpose of showing what roughing-in was expected of the contractor to make the kitchen ready for them. Several prospective bidders, not including plaintiff, asked the defendant whether the specifications meant that all the listed kitchen equipment was to be furnished by the contractor. The defendant then, before the bids were submitted, furnished all invitees with an addendum to the specifications, which is quoted in finding 5. It was headed “ITEMS NOT IN CONTRACT” and contained the' following:
f. Kitchen equipment (but contractor shall rough in for same).
Plaintiff construed the amended invitation to mean that the contractor was not to furnish the drip pans or canopies or any other kitchen equipment. It computed its bid accordingly. The contract was awarded to plaintiff. The defendant, however, during the course of the construction, advised plaintiff that it regarded plaintiff as bound to furnish and install the drip pans and canopies, and insisted that plaintiff install the canopies, and make a proposal for a reduction of the contract price on account of omitting the drip pans, which the defendant had decided not to have installed. Plaintiff complied, making protests adequate to preserve its rights.
Our task is that of determining what was the contract made by the parties. The defendant contends, in effect, that the drip pans and canopies were not “kitchen equipment” within the meaning of that term as known to the trade, and that therefore the exclusion of kitchen equipment from the contract by the addendum was not intended to exclude these items, and plaintiff should have known that. The expression does, primarily, mean moveables prefabricated and susceptible of use in more than one kitchen. The drip pans and canopies here involved were to be built to order according to given specifications, and were to be especially adapted to and attached to the structure of the kitchen. We would have no hesitancy in calling them “fixtures” if that were our problem. These items would not, therefore, fall within the *294 usual meaning of the expression “kitchen equipment.” We do not think, however, that that expression is an expression of art or trade having a meaning so fixed and universal that it cannot be varied by the context. And we think that when the defendant expressly and unambiguously designated these items as kitchen equipment in the drawings which were an important part of its invitation to bid, it had no right to expect plaintiff not to take the language as meaning what it said. To sum up, the specifications as .originally written required the installation of drip pans and canopies, the drawings designated these things as kitchen equipment, and the addendum excluded kitchen equipment from the contract. Plaintiff interpreted this language in these several writings to mean that the things in question were excluded. We think that was the reasonable interpretation of the defendant’s language and was the contract of the parties. See Restatement of Contracts, sec. 230.
The defendant contends that we are not free to decide the question here involved because, by certain provisions of the contract and the specifications, the power of decision is lodged elsewhere. These provisions are quoted in finding 7.
Article 2 of the contract contains this sentence:
In any case of discrepancy in the figures, drawings, or specifications, the matter shall be immediately submitted to the contracting officer, without whose decision said discrepancy shall not be adjusted by the contractor, save only at his own risk and expense.
We do not regard this language as lodging in the contracting-officer a power oi final decision, pf which plaintiff is entitled to no review, even within the department. It apparently is inserted to prevent the contractor from himself resolving discordant provisions and building accordingly, thus creating a situation difficult to repair. Cf. Penker Construction Co. v. United States (C. Cls., decided Feb. 2, 1942). It would take language much more explicit than the quoted sentence to show an intent on the part of the contractor to lodge so absolute a power as is suggested by the defendant’s argument in an agent of the other party to the contract.
*295 What has just been said about Article 2 of the contract is also applicable to Paragraph G-C 10 of the specifications, quoted in finding 7. It might also be said that the question was not one of discrepancy between several concurrent documents, but of whether or not a later writing, the addendum, had eliminated from the contract a part of an earlier writing, the specifications.
Article 15 of the contract contains the following provision:
Aeticle 15. Disputes.- — Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract shall be decided by the contracting officer subject to written appeal by the contractor within 80 days to the head of the department concerned or his duly authorized representative, whose decision shall be final and conclusive upon the parties thereto. In the meantime the- contractor shall diligently proceed with the work as directed.
The dispute here involved does not concern a question of fact. It is not merely a question of what the defendant intended or what plaintiff intended by the use of certain words, or of what were the circumstances in which they were used. It is a question of what legal doctrine is applicable and what legal effect follows when parties with intentions such as those found use such language in circumstances such as these. We think, therefore, that we are not ousted of our jurisdiction by Article 15.
It follows that plaintiff may recover the amount of the deduction from the contract price which it was required to make on account of the drip pans, $100.00, and the cost of the canopies, $4,455.22, with a 10% allowance for profit on the latter, a total of $5,000.74.
It is so ordered.
JoNes, Judge; Whitaker, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.